FILED

2010 MAR 18  AM 11: 37

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERONIMO MENDEZ-COPKA,<br><br>　　　　　　　　　　Petitioner,<br>vs.<br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | Civil Case No.　　07CV1689 BEN;<br>Criminal Case No.　06CR1223 BEN<br><br>**ORDER DENYING § 2255 MOTION** |

## INTRODUCTION

Petitioner Geronimo Mendez-Copka moves under 28 U.S.C. § 2255, seeking to correct, set-aside or vacate his sentence. Dkt. No. 24.[1] Petitioner claims that his sentence was unconstitutional because 8 U.S.C. § 1326, the statute under which he was convicted, is not enforceable as a criminal statute. *Id.* Petitioner plead guilty under a plea agreement to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Respondent's Opp'n, Ex. 3 ("Ex. 3."). Petitioner was sentenced to 60 months in custody and three years of supervised release. Ex. 5; Dkt. No. 23. Because Petitioner previously waived the right to collateral attack his sentence and his claim concerning 8 U.S.C. § 1326 lacks any merit, the motion is **DENIED.**

//

---

[1] All citations are to the criminal docket, *United States v. Mendez-Copka*, No. 06cr1223 BEN.

# DISCUSSION

## I. Waiver

The Ninth Circuit recognizes strong public policy considerations justifying the enforcement of a defendant's waiver of his right to appeal or collaterally attack a judgment. *United States v. Novarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). Waivers play an important role in the plea bargaining process and help ensure finality. *Id.* at 322. Generally, courts enforce a defendant's waiver of his right to appeal, as long as the waiver was "knowingly and voluntarily made" and "encompasses the defendant's right to appeal on the grounds claimed on appeal." *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (quoting *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998)).

Petitioner waived his right to collaterally attack his sentence in his plea agreement and when he plead guilty before the Magistrate Judge. Ex. 3; Ex. 4. The plea agreement states that "[i]n exchange for the Government's concessions in this plea agreement, the defendant . . . (d) waives the right to appeal or collaterally attack the plea, conviction, or sentence." Ex. 3, pg 2. Petitioner was specifically asked about this language when entering his plea and said that he understood and agreed to it. Ex. 4, pg 12. Petitioner's knowing and voluntary waiver of his right to collaterally attack his sentence bars the present motion.

## II. 8 U.S.C. § 1326

Even if Petitioner had not waived his right to collaterally attack his sentence, his claims concerning § 1326 fail on the merits. Petitioner asserts three grounds in his motion: (1) denial of effective assistance of counsel because his counsel should have known § 1326 was unenforceable; (2) prosecutorial misconduct because the prosecutor charged him with violation of § 1326; and (3) lack of jurisdiction because this Court was not authorized to decide matters of illegal entry. While listed separately, the Court need only determine if 8 U.S.C. § 1326 is an enforceable constitutional statute because that is the only basis upon which Petitioner's claims rest. This question has been squarely addressed by the Ninth Circuit.

> Does Congress have the authority to regulate immigration? Of course. May Congress, pursuant to that authority, enact criminal laws aimed at enforcing its immigration policies? Yes. Is § 1326 such a law? We hold today that it is.

1  *United States v. Hernandez-Guerrero*, 147 F.3d 1075, 1078 (9th Cir. 1998).

2  Additionally, the court specifically addressed Petitioner's claim that immigration violations cannot result in criminal penalties. The court found that "there is not the slightest hint in Ninth Circuit case law that the whole of the immigration power is exclusively civil, or that Congress is prohibited from employing criminal sanctions to achieve its immigration-regulation objectives." *Id.* 1077. Rather, "Congress indeed possesses the constitutional authority to enact criminal immigration statutes such as § 1326." *Id.* (discussing *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)).

## CONCLUSION

Petitioner's § 2255 motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: March /8/, 2010

Hon. Roger T. Benitez
United States District Court Judge